IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRELL J. TUCK,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 12-0379-WS-M** |
| | ) |
| **OFF SHORE INLAND MARINE &** | ) |
| **OILFIELD COMPANY,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter comes before the Court on defendant B&D Contracting, Inc.'s Partial Motion to Dismiss Plaintiffs' Complaint (doc. 12) and defendant Off Shore Inland Marine & Oilfield Company's Motion to Dismiss (doc. 18).  Both Motions have been briefed and are now ripe.

**I.**    **Nature of the Case and Procedural Posture.**

    In their Complaint (doc. 1), plaintiffs, Darrell J. Tuck and Julius Kelly, by and through counsel of record, assert causes of action against a number of defendants, including Off Shore Inland Marine & Oilfield Company ("Off Shore") and B&D Contracting Inc. ("B&D").[1] According to the Complaint's well-pleaded factual allegations, Tuck and Kelly "were hired on June 16, 2010 by B&D Contracting Inc." (Doc. 1, ¶ 11.)  Thereafter, plaintiffs "were assigned to work as hazwopers on an offshore boat … on June 27, 2010 to scoop up and capture oil spilled from the Deepwater Horizon Oil Spill." (*Id.*, ¶¶ 12-13.)  During that assignment, plaintiffs allege, the vessel captain (Jason Sleigh) referred to them as "Fucked Niggers." (*Id.*, ¶ 15.) According to the Complaint, Tuck and Kelly reported that incident to "the payroll supervisor" on June 27, 2010, and were terminated on July 13, 2010, just 16 days later. (*Id.*, ¶¶ 16-17.)

---

[1] Both the Complaint and a recent plaintiffs' brief (doc. 26) are incorrectly formatted, inasmuch as they are single-spaced.  Pursuant to the Local Rules, "[a]ll pleadings, motions, briefs, applications and other papers tendered for filing … must be double spaced."  LR 5.1(a)(1).  Plaintiffs' counsel is directed to conform future filings to the formatting parameters specified in Local Rule 5.1.

On the strength of these factual allegations, plaintiffs bring four federal statutory causes of action against Off Shore and B&D.  In Count One, plaintiffs allege that defendants violated 42 U.S.C. § 1981 by "[s]ubjecting them to different worse terms and conditions of employment than their White counterparts," "[s]ubjecting them to a race based hostile working environment," and "punishing them by terminating their employment."  (Doc. 1, ¶ 21.)  Count Two alleges a claim of race discrimination under Title VII, again on the theory that defendants subjected plaintiffs to worse terms and conditions of employment than white colleagues, created a racially hostile working environment, and terminated their employment.  (*Id.,* ¶¶ 30-32.)  Count Three purports to state a claim under 42 U.S.C. § 1983, alleging that defendants' aforementioned conduct violated plaintiffs' equal protection rights and was "done under color of State Law and pursuant to policy and custom."  (*Id.*, ¶ 37.)  Finally, Count Four is a Title VII retaliation claim, proceeding on the theory that "Defendants retaliated against the Plaintiffs due to their reporting the use of racially offensive language and their refusal to accept and/or comply with the Defendants' collective unlawful employment practices."  (*Id.*, ¶ 42.)

B&D now moves for dismissal of the Title VII claims, claiming that plaintiffs failed to exhaust those causes of action administratively as to B&D.  For its part, Off Shore seeks dismissal of all of plaintiffs' claims against it, arguing that the Complaint fails to satisfy the *Twombly* / *Iqbal* pleading standard.  Plaintiffs oppose both motions.

**II.     B&D Contracting's Motion to Dismiss.**

B&D's Rule 12(b)(6) Motion is straightforward.  It is undisputed that neither Tuck nor Kelly named B&D as a respondent in his Charge of Discrimination filed with the EEOC.[2]  B&D maintains that this omission is fatal to the Title VII claims set forth in Counts Two and Four of the Complaint.

---

[2] In their brief, plaintiffs write as follows:  "Plaintiffs admit that the EEOC charge they filed only included Defendant Off Shore inland Marine." (Doc. 22, at 3.)  Moreover, B&D has appended to its brief copies of Tuck's and Kelly's EEOC documents confirming that Off Shore was the sole named respondent in those administrative proceedings. (Doc. 13, at Exhs. A-B.)  These exhibits are properly considered on B&D's Motion to Dismiss because the EEOC proceedings are referenced in the Complaint, the EEOC charges are central to plaintiffs' claims, their contents are not in dispute, and B&D has attached those documents to its Motion.  *See, e.g., Quail Cruises Ship Management Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1310 n.5 (11th Cir. 2011); *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

B&D's Motion flows from the well-established principle in this Circuit that "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994).[3] "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Id.*; *see also Harris v. Board of Trustees University of Alabama*, 846 F. Supp.2d 1223, 1239 (N.D. Ala. 2012) ("As a practical matter, subjecting a party to litigation when the administrative remedies have not been exhausted as to that party unfairly deprives that party of the two-fold purpose of the EEOC process: notice and the opportunity to participate in the pre-litigation conciliation process.").

Again, there is no dispute that Tuck and Kelly failed to name B&D as a respondent in their respective EEOC charges, but instead named only Off Shore. Nonetheless, the Eleventh Circuit has counseled that the Title VII "naming requirement" is to be liberally construed. *See Virgo*, 30 F.3d at 1358. In that regard, a party not named in an EEOC charge may properly be sued in a Title VII lawsuit "[w]here the purposes of [Title VII] are fulfilled." *Id.* This question is a multi-factor inquiry that encompasses (without limitation) the following considerations: "(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC

---

[3] *See also Lewis v. Asplundh Tree Expert Co.*, 2010 WL 4398155, *2 (11th Cir. Nov. 8, 2010) ("Generally, a party not named in the EEOC charge may not be sued in a later civil action."); *Wooding v. Five Suns Aventura, LLC*, 2012 WL 692173, *2 (S.D. Fla. Mar. 2, 2012) ("Generally, the failure to name a party in an EEOC charge precludes a subsequent civil action against that party."); *Miller v. Eagle Tug Boat Companies*, 2009 WL 4751079, *4 (S.D. Ala. Dec. 8, 2009) ("Title VII generally requires that an individual filing a charge with EEOC name all of the entities against whom the charge is brought."); *Williams v. Lowndes County*, 2006 WL 2443509, *4 (M.D. Ga. Aug. 21, 2006) ("Title VII requires ordinarily that an individual filing a charge with the EEOC name all of the individuals against whom the charge is brought."); *Gordon v. MCG Health, Inc.*, 301 F. Supp.2d 1333, 1338 (S.D. Ga. 2003) ("Only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII.").

proceedings." *Id.* at 1358-59.[4]  Careful review of these factors, and all relevant circumstances, reveals that the purposes of the naming requirement (*i.e.*, notice and opportunities to participate in conciliation and to voluntarily comply with Title VII) are not satisfied here as to B&D.

With respect to the similarity of interest factor, there is no indication and no reason to believe that any commonality in ownership, operations, control or finances exists as between B&D and Off Shore.  To be sure, plaintiffs argue that B&D and Off Shore were "contractors working in tandem during the B P [*sic*] oil spill," that plaintiffs "were hired by B & D to work for Off Shore," and that "the common interest of cleaning up oil in the Gulf of Mexico is sufficient to satisfy the similarity of interest's [*sic*] prong."  (Doc. 22, at 2-4.)  But nothing in the relationship described by plaintiffs suggests that B&D should or reasonably would have received notice and an opportunity to participate in administrative proceedings by virtue of plaintiffs having named Off Shore as a respondent.  In other words, the mere temporary contractual interaction between B&D and Off Shore as described by plaintiffs is not sufficient to establish that the purposes of Title VII would be fulfilled by naming Off Shore alone as a respondent in the EEOC charges.[5]  The nexus between the two entities is not such that notice to one would

---

[4]  *See also Wooding*, 2012 WL 692173, at *2 (considering and applying the five *Virgo* factors to decide whether party unnamed in EEOC charge could properly be a defendant in Title VII suit); *Forsberg v. Pefanis*, 2010 WL 397584, *11 (N.D. Ga. Jan. 26, 2010) (similar); *Gordon*, 301 F. Supp.2d at 1338 (similar).

[5]  To be sure, the Court is aware of a line of authority standing for the proposition on which plaintiffs rely.  *See, e.g., Williams*, 2006 WL 2443509, at *4 (identity of interest that excuses failure to name Title VII defendant as EEOC respondent may exist when "under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings") (citations omitted).  The trouble is that plaintiffs have not shown the requisite similarity, which by plaintiffs' own admission requires that the named and unnamed respondents be "closely related entities."  (Doc. 22, at 4.)  The facts and circumstances identified by plaintiffs do not suggest that B&D would or should have received notice of the EEOC proceedings by virtue of Tuck and Kelly naming Off Shore as respondent, much less that B&D reasonably would have been able to participate in those administrative proceedings and the conciliation process.  A mere short-term contractual relationship between B&D and Off Shore is not sufficient to render their interests substantially similar for purposes of the Title VII administrative naming requirement.  *See Lewis*, 2010 WL 4398155, at *2 (allowing plaintiff to sue unnamed respondent from EEOC charge would not fulfill purposes of Title VII where "[t]here is no similarity of interest" created by "short term contractual relationship" between named and unnamed respondents).

serve as notice to the other, or that one would reasonably be expected to protect or advance the other's interests during EEOC administrative and conciliation proceedings.

The second *Virgo* factor is whether the plaintiff "could have ascertained the identity of the unnamed party at the time the EEOC charge was filed." *Virgo*, 30 F.3d at 1359. Tuck and Kelly had actual knowledge of B&D's identity when they filed their EEOC charges. Indeed, they do not deny knowing all along that they had been hired by B&D. This is not a case in which the naming requirement should be relaxed because plaintiffs lacked information as to the identity of the proper respondent when they appeared before the EEOC. Rather, plaintiffs knew who B&D was and what its role was in their employment. Had they wished to name it as a respondent in their EEOC charges, they plainly could have done so. Because plaintiffs elected not to name B&D as a respondent, this factor weighs against allowing them to sue B&D under Title VII at this time.

Next, *Virgo* looks to "whether the unnamed parties received adequate notice of the charges" and "whether the unnamed parties had an adequate opportunity to participate in the reconciliation process." *Virgo*, 30 F.3d at 1359. B&D states, without opposition or dissent from plaintiffs, that it had <u>no</u> notice of the EEOC charges and <u>no</u> opportunity to participate in conciliation. For their part, plaintiffs do not even attempt to argue that these factors favor allowing them to proceed with their Title VII claims against B&D.

Finally, with respect to prejudice, the Eleventh Circuit has found *Virgo* prejudice where the unnamed respondent "fac[es] a lawsuit without notice from [the plaintiff] or the EEOC that they would seek to impose Title VII liability against [it] and without an adequate opportunity to participate in the conciliation process." *Lewis v. Asplundh Tree Expert Co.*, 2010 WL 4398155, *2 (11th Cir. Nov. 8, 2010). This is exactly the circumstance in which B&D now finds itself because of plaintiffs' omission at the EEOC stage. By all appearances, B&D first received notice that Tuck and Kelly were accusing it of violating Title VII when it was served with the Complaint on September 20, 2012, some 27 months after the underlying events took place. This delay places B&D at a tremendous unfair disadvantage with regard to performing its own investigation, collecting/preserving evidence or taking voluntary remedial action. Under the

circumstances, the Court readily concludes that B&D has made an adequate showing that it incurred prejudice by its exclusion from the EEOC proceedings involving Tuck and Kelly.[6]

In light of this analysis, the Court concludes that the purposes of Title VII would not be fulfilled by allowing Tuck and Kelly to sue B&D for violations of Title VII. Plaintiffs did not name B&D as a respondent in their EEOC charges, although they could have. Because of this omission, B&D was deprived of notice, an opportunity to participate in the conciliation process, and an opportunity voluntarily to comply with Title VII for more than two years. There is no evidence and no reason to believe a sufficiently close relationship exists between B&D and Off Shore (the named respondent) that notice to one should excuse lack of notice to the other. And B&D has sustained prejudice by plaintiffs' omission. Accordingly, B&D's Partial Motion to Dismiss will be **granted**, and Counts Two and Four will be **dismissed with prejudice** as to B&D for want of administrative exhaustion.

## III.    Off Shore Inland's Motion to Dismiss.

Defendant Off Shore has filed a Rule 12(b)(6) Motion of its own.[7] This Motion challenges the sufficiency of plaintiffs' pleading under the *Twombly / Iqbal* line of authority.

---

[6] In their brief, plaintiffs make passing reference to a "growing out of" factor that the Eleventh Circuit has sometimes considered. "That factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination is or is likely to be uncovered during the EEOC's reasonable investigation growing out of the charge." *Lewis*, 2010 WL 4398155, at *2. There is no indication, however, that the EEOC included B&D in its investigation. Nor is there any basis for concluding that it would have been reasonable for the EEOC to investigate B&D in connection with Tuck's and Kelly's charges. After all, plaintiffs state in their briefs that B&D hired them to work for Off Shore, such that the complained-of activity on the boat and the pier on June 27, 2010 would not have had any reasonable nexus to B&D, whose role was apparently limited to placing plaintiffs with Off Shore. In other words, plaintiffs appear to be complaining about what Off Shore did after B&D placed them, not about the underlying placement decision. Under the circumstances, the Court is at a loss to understand (and plaintiffs have not explained) why investigation of B&D should reasonably have grown out of the EEOC's investigation of plaintiffs' charges against Off Shore.

[7] This defendant insists that its true name is "Offshore Inland Marine & Oilfield Services, Inc." and not "Off Shore Inland Marine & Oilfield," as set forth in the Complaint. Be that as it may, plaintiffs are the masters of their Complaint. If they have named a defendant incorrectly, then it is incumbent on them seasonably to correct that error via amendment. For now, however, this Court will continue to refer to this defendant as "Off Shore," just as plaintiffs' pleadings do.

To withstand Rule 12(b)(6) scrutiny, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth.").

The central premise of Off Shore's Motion is that the Complaint does not satisfy the *Twombly / Iqbal* pleading standard as to Off Shore because it fails to identify how that defendant is liable for any of Tuck's and Kelly's claims. Movant is correct. A careful reading of the Complaint reveals no inkling of what plaintiffs contend Off Shore did or did not do, what connection it has to the events of June 27, 2010, what possible basis there could be for holding it responsible for Jason Sleigh's offensive comment, and so on. The Complaint alleges that plaintiffs were hired by B&D Contracting, that they were assigned to a boat captained by Sleigh, that Sleigh referred to them by a racial epithet, that they complained to the payroll supervisor, and that their employment was terminated 16 days later. Nothing in the Complaint links any of these facts and circumstances to Off Shore, much less provides any basis for concluding that Tuck and Kelly can assert plausible claims against Off Shore under Title VII, § 1981, or § 1983 for these events. As such, the Complaint is woefully inadequate to comport with minimum pleading standards under the Federal Rules of Civil Procedure. *See generally Speaker*, 623 F.3d

at 1381 (under *Twombly*, "to state a claim, Speaker must do more than allege that the CDC did not fulfill its record-keeping obligation.  Speaker must allege the specific nature of the record-keeping obligation the CDC failed to satisfy.").[8]

In a filing styled "Plaintiff's [*sic*] Answer to Defendant's Motion to Dismiss" (doc. 26), Tuck and Kelly proffer additional, unpleaded facts concerning Off Shore's involvement.  That is simply not good enough.  Rule 8(a) prescribes minimum standards for <u>pleadings</u>.  A litigant cannot and does not remedy pleading defects via *de* facto supplementation of that pleading in a brief.  The proper method for amending pleadings is that prescribed by Rule 15(a), Fed.R.Civ.P.  Plaintiffs have not availed themselves of that mechanism; therefore, the Court's *Twombly* / *Iqbal* inquiry is necessarily confined to the four corners of their original Complaint.

Because the well-pleaded allegations of plaintiffs' Complaint lack factual content that would support a reasonable inference that Off Shore is liable for the misconduct alleged, plaintiffs' claims against Off Shore, as pleaded, are not facially plausible and do not comport with minimum pleading requirements under the *Twombly* / *Iqbal* line of cases and Rule 8.  Accordingly, Off Shore's Motion to Dismiss is properly **granted**.

### IV.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant B&D Contracting, Inc.'s Partial Motion to Dismiss (doc. 12) is **granted**, and Counts Two (Title VII race discrimination) and Four (Title VII retaliation) are **dismissed with prejudice** as to B&D because of plaintiffs' failure to exhaust administrative remedies;

---

[8] Part of plaintiffs' problem is that their Complaint lumps the four original defendants together in an undifferentiated mass, which is often itself a defect under Rule 8.  *See See Petrovic v. Princess Cruise Lines, Ltd.*, 2012 WL 3026368, *3 (S.D. Fla. July 20, 2012) ("a complaint that lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8") (citations and internal marks omitted); *George & Co., LLC v. Alibaba.com, Inc.*, 2011 WL 6181940, *2 (M.D. Fla. Dec. 13, 2011) ("by indiscriminately lumping defendants together, plaintiff has failed to comply with Federal Rule of Civil Procedure 8").  This error is exacerbated and compounded by the omission of factual allegations in the Complaint showing what connection Off Shore has to any of these facts and circumstances, much less demonstrating why plaintiffs can assert plausible claims of race discrimination and retaliation against Off Shore for the subject events.

      2.        Defendant Off Shore Inland Marine & Oilfield Company's Motion to Dismiss (doc. 18) is **granted**, and plaintiffs' claims against that defendant are **dismissed without prejudice** as being inadequately pleaded under Rule 8(a) of the Federal Rules of Civil Procedure;[9] and

      3.        As presently configured, this action will proceed solely as to defendant B&D Contracting, and solely as to Counts One and Three.

DONE and ORDERED this 4th day of January, 2013.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[9]     Insofar as Off Shore seeks dismissal of plaintiffs' claims with prejudice, that request is **denied**. The sole bases for Off Shore's Rule 12(b)(6) Motion are pleading defects that may be correctable upon amendment. The Court cannot rule out the possibility that a more carefully drafted complaint might state viable civil rights claims against Off Shore; therefore, the interests of fairness and equity militate in favor of dismissing these claims without prejudice to plaintiffs' ability to file a timely motion to correct these defects prior to the applicable scheduling order deadline. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (citation and internal marks omitted). Plaintiffs are cautioned, however, that if they do seek to amend their pleadings, they would be well advised to include not only specific factual allegations about Off Shore's involvement, but also to plead additional facts describing how plaintiffs believe they were subjected "to different worse terms and conditions of employment than their White counterparts," demonstrating the existence of "a race based hostile working environment," and explaining why they think the termination of their employment on July 13, 2010 had anything to do with their internal complaint (as opposed to the conclusion of the project for which they had been hired). Failure adequately to address these deficiencies (as raised in Off Shore's Rule 12(b)(6) Motion) will simply invite another motion to dismiss and another *Twombly* / *Iqbal* analysis. Plaintiffs should not assume that they will receive unlimited bites at the pleading apple to conform their Complaint to baseline standards under applicable law and federal rules.